SUGARLAND INDUSTRIES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25063.   Promulgated April 5, 1929.

*Robert Ash, Esq.*, for the petitioner.
*Frank S. Easby-Smith, Esq.*, for the respondent.

OPINION.

MILLIKEN: Petitioner assigns as error the refusal of the respondent to allow as a deduction, pursuant to section 234(a)(1) of the Revenue Act of 1918, the sum of $100,000 which was contributed in the year 1920 to the Laura Eldridge Hospital Association. Congress, unlike in the case of individuals (section 214), has not allowed as deductions contributions made by corporations, and for the contribution here in question to be allowed as a deduction we must find that the same bore a direct relation, with consequent direct benefits, to the business of petitioner. Section 234 enumerates many deductible items such as interest, taxes, losses, depreciation and bad debts. The portion of the section here in question—"All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business"—is general in its application and resort must be had to the facts obtaining in each case to determine if a given expenditure is within the intendment of the statute.

The business of the petitioner was carried on with substantial profit during the year 1920 as well as for prior and subsequent years. In the year 1920 the net taxable income of the petitioner was $656,623.18. The business is carried on at Sugar Land, Tex., which is referred to in the stipulation as a "company town." In 1920 the town had a population of less than 2,000 persons. Petitioner owned and operated everything in the town with the exception of quasi-public institutions and the railroad serving petitioner. It gave employment to several hundred persons, all of whom were housed and lived in Sugar Land or adjacent thereto. In 1920 the school attendance of the

independent school district at Sugar Land was made up of 90 per cent of the children of the employees of the petitioner. There were no hospital facilities at Sugar Land to serve the employees of the petitioner and the nearest facility available was at Houston, Tex., which is 23 miles distant. Many accidents occurred in carrying on the business and there must have necessarily been sickness in the families of the employees. The labor turnover was large and the stipulation states that the petitioner, in order to secure an adequate, suitable and loyal supply of labor, made the donation to the Laura Eldridge Hospital Association.

We do not think the petitioner in making the expenditure made it in the role of the philanthropist, but rather as a business proposition wherein the expenditure represented a consideration for a benefit flowing directly to it and as an incident of its business. As a result of the contribution the *esprit de corps* pervading the employees was reflected in their work. The labor turnover was less, as subsequent years testify, and we have no doubt that the benefit flowing from the contribution was not only reflected in the increased efficiency of the employees, but also in the product manufactured.

One of the trends of modern business is represented by the expenditure. If the interests of the employees are safeguarded, both the employer and the employee benefit. The expenditure, under the facts obtaining, does not savor of charity or philanthropy.

The facts in this proceeding bear close analogy to the facts obtaining in proceedings where we have allowed like or similar expenditures as deductions—see *Poinsett Mills*, 1 B. T. A. 6; *Holt-Granite Mills Co.*, 1 B. T. A. 1246; *Superior Pocahontas Coal Co.*, 7 B. T. A. 380; and *Franklin Mills*, 7 B. T. A. 1290, and the expenditure does not represent a mere indirect relation or benefit nor was it a part of a general plan for civic betterment whereby the place in which the corporation did business, as well as others not directly connected with petitioner, derived as much or more benefit as in the cases of *Corning Glass Works*, 9 B. T. A. 771, and *American Rolling Mill Co.*, 14 B. T. A. 529.

Counsel for respondent, in brief filed, raises a question as to whether the expenditure was paid or incurred in the year 1920. We think the stipulation of facts is adequate to answer the contention. Petitioner kept its books of account in the year 1920 on an accrual basis. The donation was made in the year 1920, and deed conveying the real property was executed in the year 1920, the liability was recorded on the books of the petitioner in the year 1920 and the donation was accepted by the donee in the year 1920.

The respondent was in error in failing to allow the deduction claimed.

*Judgment will be entered under Rule 50.*